IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMMERLY MOORE, | : | |
| Plaintiff, | : | |
| v. | : | CA 1:12-00663-KD-C |
| CHUCK STEVENS AUTOMATIVE, INC. and CAPITAL ONE AUTO FINANCE, INC., | : : | |
| Defendants. | : | |

## ORDER

Before the undersigned Magistrate Judge are two motions—Capital One Auto Finance, Inc. ("COAF")'s motion to dismiss the complaint in part (Doc. 11) and Chuck Stevens Automotive, Inc. ("Chuck Stevens")'s motion to dismiss or, in the alternative, stay this action and compel arbitration (Doc. 20). Both motions have been briefed. (*See* Docs. 12, 18, 25, 26, 27, and 28.)¹ And for the reasons set out herein, Chuck Stevens's alternative motion to stay and compel arbitration is **GRANTED**.²

---

¹ Because Chuck Stevens's motion requests that the claims against COAF "also be dismissed and compelled to arbitration" (*see* Doc. 20 at 9-10), the Court ordered "the ***defendants*** [to] file any replies" to the plaintiff's response—in which she consents to arbitration (*see* Doc. 28)—no later than January 28, 2013 (Doc. 25 (emphasis added)). No replies were filed.

² As discussed herein, the Court finds that all of the plaintiff's claims are arbitrable. This finding compels the Court to conclude "that the case should be referred to arbitration in its entirety[.]" *James v. Community Phonebook/Volt Info. Scis., Inc.*, No. 3:10–cv–872–J–34JBT, 2011 WL 3320492, at *3 (M.D. Fla. June 7, 2011), *report & recommendation adopted*, 2011 WL 3320481 (M.D. Fla. Aug 2, 2011); *see also id.* (noting that such an approach "is consistent with the purpose of the FAA: 'to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation.'") (quoting *AIG Baker Sterling Heights, LLC v. American Multi–Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (internal citation and quotation marks omitted). As such, and because the Court has determined to retain jurisdiction—staying, rather than dismissing, this matter—a ruling on COAF's pending motion to dismiss the complaint in part will be held in abeyance pending arbitration.

**Magistrate Judge Jurisdiction**

It appears that the Eleventh Circuit has yet to determine whether a motion to stay an action and compel arbitration is dispositive under § 636(b)(1) and Rule 72. However, because (1) the only court of appeals to reach (and the majority of district courts to address) the issue have answered that such a motion is not dispositive,[3] and (2) a decision to grant such a motion, while "an important step in the life of a case[, is, essentially,] merely suspensory," *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010), the undersigned finds that such a motion is not case dispositive. Therefore, a recommendation is not necessary to resolve the issue before the Court, and an order is issued pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).

**Law**

"Before a court may require parties to arbitrate, the movant must establish that there is a valid arbitration agreement and that the disputed claims are subject to arbitration." *Perera v. H & R Block E. Enters., Inc.*, ___ F. Supp. 2d ___, 2012 WL 5471942, at *2 (S.D. Fla. Nov. 9, 2012) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008)). As the Eleventh Circuit has noted, "[t]he 'validity of an arbitration

---

[3] The First Circuit has ruled that a motion to stay and compel arbitration is non-dispositive. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13-14 (1st Cir. 2010); *see id.* at 14 ("No court of appeals has decided this precise question. Nevertheless, a number of district courts have held that motions to stay litigation and compel related arbitration are non-dispositive motions under Rule 72(a).") (collecting cases); *Lee v. Plantation of La., L.L.C.*, 454 Fed. App'x 358, 360 n.3 (5th Cir. 2011) (per curiam) (raising but not reaching the question after concluding that the appeal must be dismissed for lack of jurisdiction); *see also Vernon v. Qwest Communications Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140-41 (D. Colo. 2012) (initially recognizing "that courts are divided on whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. § 636(b)(1)[,]" but ultimately "find[ing] that the instant motion to compel arbitration is non-dispositive, as an Article III judge ultimately will be required to confirm, modify or vacate any arbitration award involving the parties to this action") (collecting cases); *Painters Dist. Council 16, Local Union 294 v. Color New Co.*, No. 12–cv–0570 LJO–BAM, 2012 WL 3235101, at *1 n.1 (E.D. Cal. Aug. 6, 2012) (in which the Magistrate Judge granted a plaintiff's motion to compel arbitration and stayed an action after recognizing, "Numerous district courts have held that motions to stay litigation and compel related arbitration are non-dispositive motions under Rule 72(a).") (collecting cases).

agreement is generally governed by the Federal Arbitration Act[,]'" *Lambert*, 544 F.3d 1192, 1195 (quoting *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)).

> Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.[4] Accordingly, the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable "under ordinary state-law" contract principles and (b) the claims before the court fall within the scope of that agreement. *See* 9 U.S.C. §§ 2-4.

*Id.* (citation omitted and footnote added).

To determine the scope of an agreement, a court is "guided by both the Federal Arbitration Act and the actual text of the [agreement]." *Id.* at 1197. And while "[t]he FAA creates a presumption in favor of arbitrability[,]" which, accordingly, requires "parties [to] clearly express their intent to exclude categories of claims from their arbitration agreement[,]" *id.* (quoting *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998)), "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties[,]" *id.* (quoting *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419-20 (11th Cir. 1990)).

> [And, a]s a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation marks omitted). A party seeking to avoid arbitration must either prove waiver of the right to arbitration, *Ivax Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002), or must unequivocally deny that the agreement to arbitrate was made and offer

---

[4] "The FAA evinces 'the strong federal policy in favor of enforcing arbitration agreements.' Accordingly, 'covered arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."'" *Perera*, 2012 WL 5471942, at *2 (quoting, respectively, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985); *Community State Bank v. Strong*, 651 F.3d 1241, 1250 n.7 (11th Cir. 2011) (quoting, in turn, 9 U.S.C. § 2)).

evidence to substantiate the denial. *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993).

*Perera*, 2012 WL 5471942, at *2 (initial citation modified).

## Analysis

Here, the plaintiff does not oppose, and, in fact, "consents to[,] the Motion to Compel Arbitration[.]" (Doc. 28.) The Court finds, moreover, that Defendant Chuck Stevens has carried its burden to show that the arbitration agreement is valid and that the plaintiff's claims are subject to arbitration. (*See generally* Doc. 20.) The arbitration clause of the agreement the plaintiff entered is indeed broad, and provides for binding arbitration for

> all disputes not barred by applicable statutes of limitations, resulting from or arising out of the transaction entered into (including but not limited to the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services acquired by the [the plaintiff]; the past, present and future condition of the motor vehicle; the conformity of the motor vehicle to any contract description, the representations, promises, undertakings, warranties or covenants made by [Defendant Chuck Stevens] in connection with the [plaintiff]'s acquisition of the motor vehicle, or otherwise dealing with the motor vehicle'; any lease terms or the terms of credit and/or financing in connection therewith; any terms or provisions of any credit life and/or disability insurance purchased simultaneously herewith; or any terms or provisions of any extended service contract purchased simultaneously herewith) and all, as to all claims or disputes as to any body and/or mechanical repairs made to the vehicle prior to, as a result of this transaction or at any time hereafter . . . .

(Doc. 20-1 at 1.)

The plaintiff's claims against COAF, Chuck Stevens further contends, "should also be . . . compelled to arbitration because [those claims] are inextricably intertwined with the claims against Chuck Stevens." (Doc. 20 at 9.) The plaintiff's consent to the arbitration of her claims (*see* Doc. 28) informs the Court of her take on this argument. And, in taking this motion under submission, the Court, aware of Chuck Stevens's

argument, provided COAF an opportunity to argue that the plaintiff's claims against it were not subject to the arbitration agreement between Chuck Stevens and the plaintiff. (*See* Doc. 25.)  COAF did not file a reply, to make this argument, and the Court's review of the applicable case law confirms that the plaintiff's claims against COAF should also be compelled to arbitration.

In *Cook's Pest Control, Inc. v. Boykin*, 807 So. 2d 524 (Ala. 2001), the Alabama Supreme Court noted one "exception to the general rule that nonsignatories cannot be bound to arbitrate their claims [occurs where] a nonsignatory's claims are 'intertwined with' and 'related to' the contract[.]" *Id.* at 527 (citing *Ex parte Napier*, 723 So. 2d 49 (Ala. 1998); *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753 (11th Cir. 1993); *Dunn Constr. Co. v. Sugar Beach Condo. Ass'n, Inc.*, 760 F. Supp. 1479 (S.D. Ala. 1991)); *see also id.* (further noting that "cases recognizing 'intertwining claims' as a basis for compelling arbitration have typically involved arbitration clauses broad enough to embrace intertwined claims . . . and allegations of a conspiracy between the nonsignatory and the signatory to the arbitration agreement") (citation omitted).  *Crayton v. Conseco Finance Corp.—Alabama*, 237 F. Supp. 2d 1322 (M.D. Ala. 2002), summarized this exception thusly:

> Under the second exception to the general rule against enforcing arbitration agreements against nonsignatory parties, the Alabama Supreme Court has determined that a nonsignatory's claims can be arbitrated if those claims are intwined or related to the contract containing the arbitration agreement. *Boykin*, 807 So.2d at 527.  The Court has construed this exception very narrowly.  **First,** the arbitration agreement must be broad enough to "embrace intertwined claims." *Id.*  **Second,** the Court has held that "a nonsignatory cannot require arbitration of a claim by the signatory against the nonsignatory when the scope of the arbitration agreement is limited to the signatories." *Id.*  The *Boykin* Court specifically noted that while the facts of its case involved a signatory trying to force a nonsignatory to arbitrate claims against the signatory, the restriction still applies if the scope of the arbitration agreement limits the provision to the signatories. *Id.*  In *Boykin*, the arbitration provision in the contract specifically limited the scope of the arbitration to disputes

> between the signatories.  *Id.*  Because the plaintiff was not a signatory to the agreement, the court refused to compel arbitration.  *Id.*

*Id.* at 1328 (emphasis added).

As stated by Defendant Chuck Stevens, the applicable arbitration agreement in this matter

> specifically includes claims related to the financing of the vehicle.  The language used by the parties in the arbitration agreement does not limit the application or scope of the arbitration agreement to only claims between the purchaser and dealer.  The Plaintiff makes claims against both Chuck Stevens and Capital Once [sic] [,or COAF,] concerning the financing of her vehicle, including a claim that Chuck Stevens and Capital One conspired with each other to defraud her concerning such financing.

(Doc. 20 at 10; *see also* Doc. 20-1 at 1 (disputes "resulting from or arising out of the transaction" subject to arbitration include "any lease terms or the terms of credit and/or financing in connection therewith")); *compare id.*, *with Dunn Constr.*, 760 F. Supp. at 1485 ("In this case, the arbitration clause[, in an agreement between the project owner and contractor,] requires arbitration of 'all claims, disputes and other matters in question . . . arising out of, or relating to, the Contract Documents or the breach thereof. . . . '  The language of the clause clearly encompasses [non-contract/tort] claims such as those which currently are pending against Dunn[, the construction lender]. . . .  Altus' and the Association's claims arise out of and relate to performance under the Dunn/Shoreline contract and are "intimately founded in and intertwined with the underlying contract obligations."  As such, the [non-contract/tort] claims [against the nonsignatory] are subject to arbitration.") *and Becker v. Davis*, 491 F.3d 1292, 1303-1304 (11th Cir. 2007) (allowing a nonsignatory to compel arbitration based on equitable estoppel, where the claims are intertwined with the contract obligations).

The Court accordingly finds that the plaintiff's claims against COAF should also be compelled to arbitration.

**Stay versus Dismissal**

Pursuant to the FAA,

> a district court "shall" stay proceedings pending arbitration upon motion of one of the parties. 9 U.S.C. § 3. However, several circuits have said that this mandatory language does not apply when all claims are arbitrable. *See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) (dicta); *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Eleventh Circuit, at one point, suggested only a stay of litigation is appropriate. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992). However, more recently, the Circuit affirmed dismissal when all claims were subject to arbitration. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367 (N.D. Ga. 2004) (compelling arbitration and dismissing the case), *aff'd* 428 F.3d 1359 (11th Cir. 2005).

*Perera*, 2012 WL 5471942, at *4; *see also id.* at *5 (after determining that all of the plaintiff's claims were subject to arbitration, "exercise[ing] its discretion to dismiss the case with prejudice").

Despite finding that all of the plaintiff's claims should be submitted to arbitration, the Court chooses to follow the express language of § 3 and stay these proceedings. The Court further finds dismissal with prejudice not warranted at this juncture because neither the plaintiff nor COAF has addressed Chuck Stevens's dismissal argument.

**Conclusion**

Accordingly, for the reasons set forth herein, it is **ORDERED** that Chuck Stevens's motion (Doc. 20) be **GRANTED IN PART and DENIED IN PART** as follows:

1. The parties are directed to arbitrate this action and notify the Court when arbitration is completed;

2. This action is **STAYED** pending arbitration, and the Court retains jurisdiction to enforce the arbitration award, if any; and

      3.      The parties are directed to file a joint status report in this case every **120 days**, the first such report being due on **June 19, 2013**.

It is **FURTHER ORDERED** that COAF's motion (Doc. 11) be held in **ABEYANCE** pending arbitration.

The Clerk of this Court is requested to close this file for statistical purposes.

**DONE and ORDERED** this the 20th day of February, 2013.

                                                s/WILLIAM E. CASSADY
                                                **UNITED STATES MAGISTRATE JUDGE**